UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN LEY, Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

                                              Case No. 05-CV-70737-DT

v.

VISTEON CORP. et al.,

        Defendants.
_____/

**ORDER CONSTRUING LETTER AS MOTION TO RECUSE AND DENYING SAME**

On May 12, 2006, the court received a letter from Plaintiff's counsel, Attorney E. Powell Miller, in which he states that "it is [his] understanding that during a status conference in this matter on October 19, 2005, the [c]ourt asked [his] co-counsel, Randall Pulliam, whether stock holdings in Ford Motor Company ("Ford") would create a conflict or appearance of a conflict of interest given Defendant Visteon Corporation's ties to Ford." (5/12/06 Letter at 1.) Attorney Miller states that "[s]ince that time, several events have occurred which should be brought to the [c]ourt's attention that may affect the [c]ourt's inquiry. . . " including that "it has grown increasingly apparent that the fates of Ford and Visteon are deeply intertwined" and "[t]he ramifications of financial distress at Visteon directly affect Ford and the value of Ford stock." (*Id.* at 1-2.) The letter speaks of "the [c]ourt's interest, if any, in Ford stock" and the caution that must attach. (*Id.* at 2.) The letter asks the court to "revisit" the issue. (*Id.*)

The court construes Mr. Miller's letter as a motion for this court to recuse itself from this case, and directs the Clerk to file an image of the letter preceding this Order.

The court does not have independent recollection of the discussion to which Mr. Miller refers. If such a question was asked, as reported, it may have been born of a mere academic curiosity, but the fact is that this judge does not own or have a fiduciary responsibility for a person who owns stock in Ford Motor Company, and there exists no conflict of interest concerning Ford. The situation in October 2005 was no different.[1]

IT IS ORDERED that Plaintiff's letter, construed as a motion to recuse, is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 16, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] Seven months elapsed from the October conference in which the "Ford question" was supposedly asked until the recusal letter was sent. Many events, including extensive briefing, have occurred. Ford's relationship with Visteon is quite near the center of this case, so the question of a Ford-related basis for recusal could have been dealt with in 2005 rather than now, on the eve of a dispositive motion hearing. Certainly, a litigant's delay in raising the question can in no way excuse an actual judicial conflict, but it would be much better for all concerned if the issue were brought up at the earliest opportunity. The court intends no accusation here, but counsel must be aware that, at the least, an appearance of "sandbagging" the issue can arise where unexplained delay has occurred. This should be avoided whenever reasonably possible.